## MORROW v BLATTNER COMPANY

Ohio Appeals, 2nd Dist, Miami Co

No 402. Decided Nov 7, 1940

Wheeler, Bentley, Neville & Cory, Lima, for appellant.

A. W. & J. H. DeWeese, Piqua, and T. J. Duffy, Columbus, for appellee.

**OPINION**

By GEIGER, J.

This case is before this Court on appeal on questions of law from the judgment of the Court of Common Pleas overruling the defendant's motion for directed verdict and rendering judgment in favor of the plaintiff upon a verdict by the jury to the effect that the plaintiff was entitled to participate in the Workmen's Compensation Fund.

Proper preliminary proceedings were instituted before the Industrial Commission, which held that the plaintiff was not entitled to participate in the fund and subsequent proceedings in the Court of Common Pleas to properly present the case for trial.

The petition, in brief, recites that on December 29, 1931, Floyd H. Morrow, the decedent, was in the employ of the Blattner Company in the capacity of manager of the company's store at Piqua, Miami County; that said company employed three or more employees and had not complied with the requirements of the Workmen's Compensation Act.

About a week prior to December 29th, 1931, William Ramelmeyer came into the store of the Blattner Company and engaged in an argument with his estranged wife, Treva, who was employed in the office of the Company and caused so much confusion in the store that Morrow asked him to leave. On December 29th, the decedent Morrow, was engaged in the performance of his duties in the office when the said William Ramelmeyer again entered the store and first engaged in conversation with his wife who was at work in the office of the Company. During the argument Treva, the wife, walked toward the desk where Morrow was seated to pick up the telephone for the purpose of calling the police and her husband then drew a revolver and shot at her. When she saw him point the revolver at her she fainted and fell to the floor and the shot missed her and hit Morrow, who was at his desk back of the location where the wife was at the time the shot was fired. As a result of this shot Floyd Morrow was so injured that he died.

The Industrial Commission heard the application upon original hearing and rehearing, and found that it had no jurisdiction of the claim for the reason that the proof did not show that the death resulted from an injury received in the course of and arising out of his employment.

The petition alleges that the death of plaintiff's husband resulted from the injuries and that the same occurred in the course of and arose out of employment.

To this petition an answer was filed by the Blattner Company making certain allegations but specifically denying others; alleging that the injuries and the resultant death of the decedent were not received in the course of and did not arise out of his employment.

After the plaintiff's testimony the employer moved that a finding be entered in its favor for the reason that the evidence discloses that the claimant is without legal capacity to sue and for the further reason that the evidence fails to establish that the death of Floyd Morrow was the result of the injuries received in the course of his employment and arising out of his employment.

The first ground of this motion does not again appear in argument and will

not be further considered. Verdict in favor of plaintiff.

Motion for new trial was made, overruled and judgment entered.

Appellant for its assignment of errors alleges that the verdict is not sustained by sufficient evidence and is against the weight thereof; that the Court erred in overruling the motion for directed verdict; that the Court erred in not sustaining the motion of the appellant for judgment upon the pleadings and the trial statement.

It was stipulated between the parties that on December 29, 1931, Floyd H. Morrow, the decedent, was in the employ of the Blattner Company in the capacity of store manager; that on such date, he had a wife Helen, with whom he was living; that the Blattner Company had not complied with the requirements of the Workmen's Compensation Law; that Helen Morrow filed an application for compensation and pursued all the statutory requirements to bring the case to the jurisdiction of the Common Pleas Court; that on said date Morrow was shot on the premises of the Blattner Company and died as a result of the wounds.

In addition to these stipulated matters, it may be stated that there is not much conflict between the parties as to the facts. Morrow was general manager of the store and as such had the right to hire and discharge employees; that he did hire Treva Ramelmeyer as bookkeeper; that she was estranged from her husband, they not having lived together since the preceding Thanksgiving Day; that on Saturday prior to the fatal shooting Ramelmeyer came into the store and got into such dispute with his wife as to disturb the customers. He was then requested by Mr. Morrow to leave the store as he did not wish his domestic troubles to be there discussed. He left and stood about the store for some time until it was closed. On the day in question, several days after this first incident, at about 3 o'clock in the afternoon, he returned to the store and requested his wife to sign some insurance papers, which had formerly been signed by her, but incorrectly. At the time she was inside of the office, which was separated from the store by a rail and a door where the office could be entered. In the office at the time Mr. Morrow was seated at a desk. There was some salutation, not unfriendly, between Morrow and Ramelmeyer. After the papers had been signed Ramelmeyer proceeded along the rail to the entrance of the office. At that instant, his wife was endeavoring to use the telephone for the purpose of calling the police as she had been admonished to do in the event her husband caused her any trouble. In the position she took to use the phone she was directly between Ramelmeyer and Morrow. As she looked toward her husband, she saw that he had a revolver which he pointed directly at her. Thereupon, she dropped the telephone and fell to the floor in a faint. The gun was fired and the bullet struck Morrow as he was about to arise from his sitting posture at the desk. He died within two hours. Thereupon, Ramelmeyer left the store and went to a secluded place where he shot himself twice, dying a short time thereafter and shortly preceding the death of Morrow at the same hospital. The divergency between the testimony is upon the point as to whether or not Ramelmeyer in shooting endeavored to shoot his wife or that due to a grudge he had against Morrow was shooting at Morrow. Counsel seem to take the position that if Morrow was accidentally shot when the husband was endeavoring to shoot the wife, the case would be different from that presented in the event that Ramelmeyer intended to shoot Morrow instead of his wife. We do not determine that it would make any particular difference as to the right of the widow to participate in the Fund whether the killing of Morrow was an intentional act of Ramelmeyer or an accidental killing when he was endeavoring to shoot his wife. However, if any difference is discernible in the situation on this account, we are convinced from a reading of the evidence that the act of the husband in shooting was for the purpose of killing or

injuring his wife and that while there had been some slight friction between Morrow and the killer, there is nothing in the record to discolse the fact that he endeavored to kill Morrow and was successful in that purpose.

The issue presented to us is whether the injury complained of from which death resulted occurred in the course of and arose out of his employment by the Company or whether the injury and resultant death was not received in the course of and did not arise out of his employment with the defendant.

It is clear that at the time Morrow was in the discharge of his duties as store manager and was properly present at the place where he received the shot. The question remains as to whether or not the injury arose out of such employment.

Counsel for each side have filed informative briefs which we have carefully read and have furnished us citations to which we have given consideration.

The case of **Shoemaker et v Standard Oil Company, 135 Oh St 262,** is of interest and has pertinency to the present issue. In that case an employe of a gasoline station was killed by an insane man who had come to the station purportingly to obtain change from the attendant. While the change was being made the insane man shot and killed the attendant and the Court held that such employe suffered death from injury in the course of and arising out of his employment. On page 265 Williams, J. in delivering the opinion stated,

"If the decedent had been killed by another purely out of personal spite or by an insane person who was not in any sense a customer or patron, a different question would be presented."

The Court does not determine what its conclusion would be if a manifestly insane person shot one who was then attending to his duties when such insane person was in no sense a customer.

**Bersche v Industrial Commission, 56 Oh Ap 236,** presents a case having some of the elements of the present one in that the death of the party occurred through a jealous act of one who was properly at the place where the shooting occurred. In that case the decedent was shot and killed by a delegate to an Association against whose employer the Board of Directors had taken disciplinary action. It was held that such injury and death occurred in the course of employment and arose out of the employment and was compensable.

In Industrial Commission v Pora an employe of a company was ordered by his superior to procure an implement. The implement was located in the hands of another employe and an argument was had by the two employees. No effort to obtain possession by violence was made by the decedent and there was no justification for the assault. The first employe was viciously assaulted by the other employe and died from the effects. It was held that he was injured in the course of employment.

In Delassandro v Industrial Commission of Ohio where one was employed by a municipality and while so engaged, admonished a person that he was committing an act in violation of a city ordinance and was thereupon violently assailed by such person without provocation, it was held that such injury was sustained in the course of his employment.

In the case of **Williams v Industrial Commission, 63 Oh Ap 66,** it is held that the death of an employee which resulted from a fisticuff match with another employe started in fun but ending in earnest is not compensable within the purview of the Workmen's Compensation Act, the cause of the injury which resulted in death being entirely outside of and disconnected with the business in which the decedent was employed.

In **Ashbrook v Industrial Commission of Ohio, 136 Oh St 115,** it is held that an award is authorized only for injuries sustained in the course of and arising out of employment and is dependent upon the establishment of a causal connection between the injuries sus-

tained and the employment in which the workman is engaged, either through the activities, the conditions or the environment of that employment.

In the case at bar the killer came into the store for the purpose of consulting with his wife about their domestic troubles. The store was open and he did not violate his right to come there and consult with his wife, who was employed as the bookkeeper. It is true he had been admonished not to come to the store to disturb the customers through his differences with his wife and he probably came in in violation of this admonition, although it may be said that his entrance was peaceful and his first contact with his wife was without any disturbing elements but after he was there he became incensed and proceeded as detailed. Morrow had had no quarrel with the shooter and there was no evidence that Ramelmeyer came into the store for the purpose of conflict with Morrow. We do not deem that the case falls within the questionable situation spoken of by Judge Williams in **135 Oh St 265.**

We do not find that the Court erred in refusing to instruct a verdict and after the jury upon the evidence found in favor of the plaintiff. Such verdict is not manifestly against the weight of the evidence.

Judgment affirmed. Cause remanded.

HORNBECK, PJ., & BARNES, J., concur.